**Ralph TOBJY, Plaintiff–Appellant,**

v.

**CITICORP/INVESTMENT SERVICES, Defendant–Appellee.**

**No. 03–7553.**

United States Court of Appeals, Second Circuit.

Oct. 27, 2004.

Ralph Tobjy, Brooklyn, NY, for Appellant, pro se.

David J. Libowsky, Bressler, Amery & Ross, New York, NY, for Appellees.

Present: JACOBS, SOTOMAYOR, and HALL, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff–Appellant Ralph Tobjy appeals a judgment entered on March 28, 2003, by the United States District Court for the Eastern District of New York (Amon *J.*),

denying Tobjy's motion to vacate an arbitration award. That arbitration award dismissed various claims filed by Tobjy against Citibank and Citibank Investment Services (collectively, "Citibank"). We assume that the parties are familiar with the facts, the procedural context, and specification of the appellate issues.

Arbitration awards are subject to "severely limited" review by the courts. *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir.1997) (quoting *Amicizia Societa Navegazione v. Chilean Nitrate & Iodine Sales Corp.*, 274 F.2d 805, 808 (2d Cir. 1960)). This Court "review[s] a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and ... review[s] any findings of fact for clear error." *Duferco Intern. Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir.2003). "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Id.*

Under the Federal Arbitration Act, a district court may vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)-(4). In addition, "a district court may vacate arbitration awards when the arbitrators acted in manifest disregard of the law." *Houdstermaatschappij*, 103 F.3d at 12. Before vacating an arbitration award for "manifest disregard of the law," a court must find that: (i) "the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether"; and (ii) "the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case." *Greenberg v. Bear, Stearns & Co.*, 220 F.3d 22, 28 (2d Cir.2000) (quoting *Di-Russa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 821 (2d Cir.1997)).

Tobjy makes conclusory allegations regarding the arbitrators' review of his claims, the arbitrability of securities fraud claims, and Citibank's alleged fraud in procuring the arbitration agreement. Tobjy fails to submit any evidence in support of these allegations. Instead, Tobjy submits various financial records without asserting how they apply to his case. As such, Tobjy has failed to carry his "heavy burden" on this appeal. *Duferco*, 333 F.3d at 388.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**